*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-350

APRIL TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Criminal Division |
| | } | |
| Cameron C. Wood | } | DOCKET NO. 66-7-10 Frcs |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the civil suspension of his driver's license. He argues that the arresting officer lacked reasonable grounds to stop him, and thus, the trial court should have granted his motion to suppress. We agree, and therefore reverse the court's decision on the motion to suppress and vacate the order granting judgment to the State.

The facts as found by the trial court are essentially as follows. Officer Moore responded to an anonymous tip about a gray vehicle with male occupants operating erratically on Cedar Street in St. Albans. The tipster reported that the gray car may have hit something, but reported no identifying information. Officer Moore encountered defendant in a gray vehicle three streets east of Cedar St., but observed no suspicious operation or evidence of damage. The officer eventually stopped defendant, and testified that one of the reasons for stopping him was that, based on her experience and training, defendant appeared to be travelling in excess of the 25 mile-per-hour speed limit.

Following the hearing, the court denied defendant's motion to suppress. It explained that a police officer may initiate a motor vehicle stop only when there is a reasonable articulable suspicion of wrongdoing. The court recognized that a motor vehicle stop could be based upon an anonymous tip when the tip provided specific information about the driver's location and vehicle. In this case, however, the court concluded that the caller did not provide sufficiently particularized information about the driver's vehicle for the tip alone to provide an adequate basis for the stop.

Nonetheless, the court found the stop lawful based on the officer's testimony that defendant appeared to be speeding. Recounting the officer's testimony that defendant's vehicle gained too much distance on her to be traveling at the speed limit, the court noted that the officer based this inference on her personal observation, training and experience. The court found the officer credible and concluded that her stated grounds were sufficient for reasonable and articulable suspicion. Accordingly, the court denied defendant's motion to exclude and dismiss, and entered judgment for the State. This appeal followed.

On appeal, defendant argues that the trial court's decision lacks evidentiary support. More specifically, he asserts that the court lacked an adequate basis to assess the officer's expertise at judging speed. Defendant complains that the officer did not specifically describe her training and experience

beyond stating that she had been on the force for three years and had made an undisclosed number of traffic stops.

As set forth above, police are authorized to make an investigatory stop based on a reasonable and articulable suspicion of criminal activity. State v. Welch, 162 Vt. 635, 636 (1994) (mem.). The officer must have more than an unparticularized suspicion or hunch of criminal activity, but needs considerably less than proof of wrongdoing by a preponderance of the evidence. Id. It is well-settled that "reasonable suspicion to undertake a brief investigative detention is a less demanding standard than probable cause not only in the sense that it can be established with information that is different in quantity of content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause." State v. Boyea, 171 Vt. 401, 404 (2000) (quotation omitted). The issue of whether a reasonable suspicion supports a particular stop is factually driven, and depends on the totality of the circumstances. State v. Kettlewell, 149 Vt. 331, 335 (1987). On review of the trial court's resolution of a motion to suppress, we accept the trial court's findings of fact unless clearly erroneous, and we review de novo the question of whether the facts as found meet the relevant legal standard. State v. Simoneau, 2003 VT 83, ¶ 14, 176 Vt. 15.

We have stated that "[a]n adequate basis for judicial review of the officer's action exists when the officer gives a reasonably specific statement of the circumstances underlying his [or her] action together with his [or her] reaction to the situation with which he [or she] was confronted." State v. Sutphin, 159 Vt. 9, 11 (1992). In this case, the officer's testimony and the court's findings were not specific. The officer testified that she believed that defendant was speeding based on her inability to catch up with him as quickly as she expected, but did not reference her own speed. Although she named certain streets that defendant passed before she was able to stop him, there was no evidence, nor any findings, upon which to gauge distance and time. We are left with essentially a naked assertion, devoid of any described measurable manifestation, that defendant appeared to be speeding. Absent some measurable reference, we must conclude that the officer's suspicion is not sufficiently articulable to justify the stop. See Terry v. Ohio, 392 U.S. 1, 21 (1968) (to justify a warrantless seizure, government must "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the intrusion).

We also reject the State's assertion that the stop was justified based on the anonymous tip. The trial court concluded that the caller did not provide sufficiently particular information about the driver's vehicle to justify the stop, and the court's findings support such conclusion. The State relies on Boyea to support its argument, but the caller in Boyea offered much more specific information than was supplied here. In Boyea, the caller provided a description of the make, model and color of the subject vehicle, as well as information that it had New York plates. The caller also identified the vehicle's initial location, and reported its direction of travel on the interstate. The officer went to the predicted position and within minutes confirmed the accuracy of the description and first reported location. 171 Vt. at 410. In the instant case, by contrast, the caller indicated only that the vehicle at issue was small, grey and occupied by males.[*] No direction was reported, except that the car backed up the length of Cedar Street. Considering the totality of the circumstances, the information was not sufficient to justify

---

[*] The officer also testified that she arrived in the vicinity at 2:30 in the morning within three minutes of the call, that she saw no other gray cars, and that it would have taken less than three minutes for defendant to travel from Cedar St. to where she encountered his vehicle. However, no findings were made or requested in this regard. Thus we are unable to assess whether such additional circumstances could have sufficed for reasonable suspicion in connection with the tip.

the stop.  For the reasons stated above, we reverse the court's decision on the motion to suppress and vacate the entry of judgment for the State.

<u>The court's denial of defendant's motion to suppress is reversed, and the court's order granting judgment to the State is vacated</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice